Ricky R. McCullough, JR, KDOC#111355
Name

FILED

Hutchinson Corr. Facility, P.O. Box 1568

2022 MAY 11 AM 11: 32

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Hutchinson, Kansas. 67504
Address

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF FLORIDA

Ricky R. McCullough, JR, Plaintiff
*(Full Name)*

CASE NO. 5:22-cv-226 PGB PRL
*(To be supplied by the Clerk)*

V.

Auther King #418 , Defendant (s)

Willard pope, John A. Wethington III,
individual and official capacity, et all.

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Ricky R. McCullough, JR , is a citizen of Kansas
   *(Plaintiff)*                                      *(State)*

   who presently resides at Hutchinson Corr. Facility, P.O. Box 1568,
   *(Mailing address or place*

   Hutchinson, Kansas. 67504 .
   *of confinement.)*

2) Defendant Auther King #418 is a citizen of
   *(Name of first defendant)*

   Marion County, Florida , and is employed as
   *(City, State)*

   Sheriff officer . At the time the
   *(Position and title, if any)*

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☑ No ☐ . If your answer is "Yes", briefly explain:

   official misconduct, "bad faith", 4th Amendment
   violation of unlawful arrest.

1

XE-2 8/82          CIVIL F          NT §1983

3) Defendant __David R. Ellspermann__ is a citizen of
*(Name of second defendant)*

__Marion county, Florida__ , and is employed as
*(City, state)*

__Clerk__ . At the time the
*(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☑ No ☐ . If your answer is "Yes", briefly explain:

__"bad faith" 4th Amendment violation__

(Use the back of this page to furnish the above information for additional defendants.)
(See back of this page)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

__28 U.S.C.A. § 1391(b)__

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

(See attachments)

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

4) Defendant John A. Wethington III is a citizen of Duval, Florida, and is employed as Statewide prosecutor. At the time the claim(s) alleged in this complaint arose, defendant was acting under color of state law. He committed "bad faith," 4th and 14th Amendment violation.

5) Defendant Jack Stancil is a citizen of Marion county, Florida, and is employed as a district judge. At the time the claim(s) alleged in this complaint arose, defendant was acting under the color of State law. He committed "bad faith," 4th Amendment violation, and "unlawful activity of a judge".

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I:  _____(See attachments)_____

_____

_____

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

_____(See attachments)_____

_____

_____

_____

_____

B) (1) Count II:  _____(See attachments)_____

_____

_____

(2) Supporting Facts:  _____(See attachments)_____

_____

_____

_____

3

## B. NATURE OF THE CASE

1) On August 15, 2009, Plaintiff, Ricky R. McCullough, Jr, DOC# 111355, was in custody in the Marion County Jail on unrelated charges when a capias-felony was lodged against him by David R. Ellspermann, court case # 09-F-3386-A-X, for several offences, including violation f the Rico Act and namely Armed Robbery with a firerm. See Exhibit A

2) On that same day of August 2009, officer Auther ing #418 of the Marion County Sheriffs office filed a robable cause offidavit in support of an arrest Jarrant swering on information and belief that Plaintiff was being arrested for the arrest warrant # 09-3386-CFB. See Exhibit B

3) The day after plaintiff's arrest, he was taken for his rst appearance hearing before Judge Jack Stancil, who rdered plaintiff McCullough held without bond pending is trial. This determination was based solely on the Judge's review of the arrest warrant signed by Judge Willard Pope. See Exhibit C&D

4) On August 26th 2009, Statewide Prosecutor, John A. Wethington III, filed a information instituting criminal charges against plaintiff and stated that the prosecution as instituted in good faith. See Exhibit E

## C. CAUSE OF AUCTION

A1) count I: Plaintiff asserts that the unreasonable seizure and deprivation of his Liberty was warrantless and without probable cause under the 4th Amendment

4.

(2) supporting facts: On August 15, 2009, Defendant's David R. Ellspermann and officer Auther King # 418, committed acts of "bad faith" by lodging and filing affidavits to institute criminal charges against plaintiff that didnot comport, with the 4th Amendment, thus depriving plaintiff of his Liberty see Exhibit A & B.

(3) The arrest affidavit accompanied by the probable cause affidavit filed in support of the Capias-felony are distinguishable upon the facts for probable cause is constitutionally mandated. The affidavits filed do not disclose any facts upon which a probable cause finding could have been made. see Exhibit A & B

(4) In Giordenello V. United States, 357 U.S. 480, the court held, that the basis for the finding of probable cause must appear on the face of the complaint. The 1966 amendment of fed. R. crim. P. 4(a), which permits the showing to be made by an affidavit or affidavits filed with the complaint, makes no significant departure from the requirement.... "1 wright, Federal practice and procedure, criminal, section 51, pp. 36-38

(5) On August 15, 2009, the day after Plaintiff's warrantless arrest. see Exhibit D, plaintiff was taken for his first appearance hearing before Defendant Jack Stancil see Exhibit C, committed acts of "bad faith" and "unlawful activity of a judge", through "code of judicial conduct" by tendering to an arrest warrant that was not supported by probable cause pursuant to Fed.

5.

R. crim, p. 4 (a); 4th Amendment.

(6) On August 16, 2009, Defendant Jack Stancil Findings and orders was an insufficient bases for ordering plaintiff detained provided that : there were no affidavits and/or sworn testimony furnished see Exhibit C which reads as follows:

> Based upon the foregoing affidavit and/or sworn testimony of _____
> _____ the undersigns finds and determines: First paragraph, As to charge(s) ... "Warrant"

thus said defendant acted in "bad faith" by depriving plaintiff of his liberty without due process based on an arrest warrant that by its omission was void for failing to comply with Fed.R.Crim.P.41(d) which states:

> A warrant must be supported by "[o]ath of affirmation" and is implemented by Rule 41(d), which generally requires a written affidavit. The rule also gives the judge discretion to wholly or partially despense with a written affidavit and base a warrant on sworn testimony if doing so is reasonable under the circumstances. Absent an affidavit or sworn testimony, the warrant is void.

(6) As indicated above, there were no affidavits and/or sworn testimony provided to support the charges set forth

6.

in Defendant, John A. Wethington III, sworn information
filed on August 26th, 2009, for he attested to the
veracity of the allegations which were extended
by unsupported affidavits and/or sworn testimony
that should not have been utilized to form the
prosecution against plaintiff alone, under the
"fruit of the poisionous tree" doctrine which clearly
outlines how "the government and its officials are
not allowed to benefit from their own misconduct".
To swear by there oaths, to secure an arrest warrant
without probable cause is in direct violation of
the 4th and 14th Amendment, respectfully.

(7) On August 26th, 2009, statewide prosecutor, John A.
Wethington III, filed an information in "bad faith" as
a complaining witness without probable cause and instituted
criminal charges against plaintiff after his warrantless
arrest personally vouching for the truth of the facts
set forth under penalty of perjury. See Exhibit E.

8) "It is clear that it does not pass muster because the
information filed on August 26th, 2009, does not provide
any basis for the magistrate's determination ... that probable
cause existed. The information does not contain any
affirmative allegations that he spoke with personal
knowldge of the matters contained therein; it does
not indicate any source for the complainant's belief
and it does not set forth any other sufficient basis

7.

upon which a finding of probable cause could be made. For all that appears, the source here merely suspected, believed or concluded that the plaintiff committed said offenses on a certain date, in a certain Town. The magistrate here certainly could not "judge for himself the persuasiveness of the facts relied on... to show probable cause." He necessarily accepted "Without question" the prosecutor's "suspicion, belief" or "mere conclusion."

(9) Prosecutor, John A. Wethington III, has infringed upon plaintiff's Liberty without probable cause and instituted criminal charges based on a warrant that by it's omission was void. This entire procedure, is a denial of plaintiff McCullough's due process of law prescribed by the <u>Fourteenth Amendment.</u>

(10) Prosecutor John A. Wethington is also in violation of ABA Code of proffessional Responsibility DR 7-103 (A) (final Draft 1969) which states:

A prosecutor "shall not institute or cause to be instituted criminal charges when he knows or it is obvious that the charges are not supported by probable cause." American Bar Association project on standards for criminal justice, the prosecution function §§ 1.1, 3.4, 3.9 (1974; American College of Trial lawyers, code of Trial conduct, Rule 4(c)(1963).

8

B)(1) Count II: Plaintiff asserts that he was denied due process of law under the 14th Amendment and Article I, section 12, of the florida constitution, thus the criminal proceedings relied upon were void/ for want of power to make them.

(2) Supporting Facts: On August 15, 2009, officer Auther King #418 committed "official misconduct" in his official and individual capacity by arresting plaintiff McCullough on a warrant that was by its omission void and committed acts of "bad faith" by failing to comply with the statutory provision of Article I, section 12, of the Florida constitution the is:

    "No warrants shall issue except, upon, probable cause, supported by affidavit"... Absent of an affidavit or sworn testimony, the warrant is void. Fed.R.crim.e.41(d)(2)

(3) In this particular case, there were no affidavits and/or sworn testimony to support the charges in the arrest warrant. See Exhibit C, since a void order has no legal force or affect there can be no time limit within to challenge the order or judgment. Further since the order has no legal force or affect, it can be repeatedly challenged, since no judge has the lawful authority to make a void order valid. (a court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid.")

4) The law is well-settled that a void order or judgment is void even before reversal. Valley V. Northern fire & Marine Ins. Co.; 254 U.S. 348, 41 S.ct 116 (1920)

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts

involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☐ No ☑. If your answer if "Yes", describe each lawsuit. (If there is more than

one lawsuit, describe the additional lawsuits on another piece of paper, using the same

outline.)

    a) Parties to previous lawsuit:

       Plaintiffs: _____

       Defendants: _____

    b) Name of court and docket number _____

       _____

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still

       pending?) _____

       _____

    d) Issues raised _____

       _____

e)  Approximate date of filing lawsuit _____

f)  Approximate date of disposition _____.

1)  I have previously sought informal or formal relief from the appropriate administrative

officials regarding the acts complained of in Part C Yes ☐ No ☑. If your answer is

"Yes", briefly describe how relief was sought and the results. If you answer is "No",

briefly explain why administrative relief was not sought.

The claims are not subject to the exhaustion
requirements because this suit is not one of
a prison condition
_____

## 2)  REQUEST FOR RELIEF

1)  I believe that I am entitled to the following relief:

Reversal of conviction (with prejudice), an order
invalidating the prior state court proceedings
a void, Monetary damages of 25.5 million
dollers

_____      Ricky R. McCullough, Jr
Signature of Attorney (if any)                  Signature of Plaintiff

_____

_____
(Attorney's full address and telephone number)

XE-2 8/82                     CIVIL RIGHTS COMPLAINT §1983                    11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF FloRiDA
IN FORMA PAUPERIS AFFIDAVIT

I do solemnly swear that the claim set forth in this petition is ,ust, and I do further swear that by reason of my poverty I am unable to pay a docket fee.

I, _Ricky R. Mcculllum Jr,_____, declare under penalty of purjury that the foregoing is true and correct.

Executed on _5-4-22_____.
                    (Date)

_Ricky mallum Jr_
Signature of Petitioner

```
                         Department of Corrections
                           Current Bank Status

Inmate                              Incentive Level  Current Location
0111355  MCCULLOUGH,RICKY,R,JR            D            HCF-C    DA1206
                                       Cash    Forced Savings   Mand Savings
Beginning Balance on  4/01/2022         .07         60.31            .00
Encumbrances:
Balance Before Obligations:             .07         60.84            .00
Other Obligations & Fees Owed:        48.00
Legal Postage and Legal Copies:       34.75
Fines & Disciplinary Rest Owed:      678.78
State/Federal Lawsuits:
Benefits Balance:
Curr Amt Available-Garn/Fees:           .00         60.84            .00
Cur Amt Avail w/ Govt Benefits:         .00         60.84            .00
                              For    Attended       For
                             Week    Canteen      Period
Canteen Expenditures:         .00                   .00
Outgoing Funds:               .00                   .00
Handicrafts:                                        .00
Fresh Favorites:              .00                   .00
F3 = Exit F12 = Previous Screen  F4 = View Transactions F6 = View Obligations
```

EXHIBIT-"A"

Affidavit / First Appearance Fo

| | | |
|---|---|---|
| OBTS Number: | | Agency ORI: |
| Court Case Number: | Arrest Code: CAPIAS-FELONY | Agency Case Number: S-09031100 |
| Name (LFM): MCCULLOUGH RICKY | RUEBEN | DOB: 06/09/1988 | M /B | 6'1 | 187 | BLK | BRO |

Mailing Address: 3020 N.E.4 CT
OCALA   FL   34479

Scars Marks Tattoos: UNK

| | | | |
|---|---|---|---|
| Street Address: SAME | | Phone: N/A | POB: OCALA |
| OCALA   FL   34479 | | Alias: RIC-DOG | |
| OE: NONE | | POE Phone: N/A | SSN: 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 |
| N/A | | Occupation: NONE | |
| A   N/A   N/A | | Veh Towed By: N/A | Veh Hold: NO |
| Number: M-242-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 | | Veh Hold Agency: NONE | |
| est Suffix: 01 | Arrest Date: 08-15-09 | Arrest Time: 2200 | |
| t Location: MCJ | | Citizen: YES | Residence: CITY |

## CHARGES

| TION | Counts | Activity | Type | NCIC | cr | ...aute | Bond Amount | |
|---|---|---|---|---|---|---|---|---|
| RICO | 1 | N/A | N/A | Y | Y | 895.05(3) | NONE | Y |
| Y TO COMMIT RICO | 1 | N/A | N/A | Y | Y | 895.04(4) | NONE | Y |
| WITH A FIREARM | 5 | N/A | N/A | Y | Y | 812..13(2)(a) | NONE | Y |
| ATTEMPTED ROBBERY WITH FIREARM | 1 | N/A | N/A | Y | Y | 777.04(1) | NONE | |
| | | OTHER | | | | | | |

Indication of:
Alcohol: NO        Drug: NO        Weapon Seized: NO        Juvenile Disposition:

| | | | |
|---|---|---|---|
| Jail Log: (To be completed by booking officer) | | | Jail Inmate #: |
| Date Booked: 08\16\09 | Time Booked: 0200 | Booking Officer: 4b0 | Fingerprinted By: |
| Photographed By: | Sin Number: | Advised of Rights By: | |

| | | | |
|---|---|---|---|
| Check for Warrants: | NCIC | PCIC | Local | Holds: | Yes | No | Agency of Hold: | |
| Attorney (if known): PD | Religion: | Marital Status: ☐S ☐M ☐D ☐Se | |
| Telephone call logged: Time | AM | PM # ( ) | |
| Next Of Kin: NORMONICA MicH | Relation: Aunt | Relation Phone: 674-2743 |
| Relation Address: | Anthony | |
| Bond Date: | Returnable Court Date: | Returnable Court Time: | Release Date: |
| Release Time: | AM/PM Releasing Officer: | Bond, Charge A: | Charge B: |
| Charge C: | Charge D: | Charge E: | Bond Type: ☐ROR ☐SURETY ☐CASH |
| Name Address of Bondsman: | | IMAGED | ☐BAIL BOND ☐CERT ☐Other |
| Approving Officer Signature: | | | |

Page 1

047




EXHIBIT - "B"

| ...est Code: CAPIAS-FELONY | ...ase Number: | Case Number: S-09031100 |
| --- | --- | --- |
| **Defendant Name:** MCCULLOUGH    RICKY    RUEBEN | | **DOB:** 06/09/1988 |

PROBABLE CAUSE AFFIDAVIT:
(Specify probable cause for each charge)

Before Me, the undersigned authority personally appeared _MAY 1- Thru-Sun 30-200_

who being duly sworn, alleges, on information and belief, that on the _May 1-Jun_ day of _2009_

in _STATEWIDE_ County, Florida the defendant did:

ON 8-15-09 THE DEFENDANT RICKY R. MCCULLOUGH WAS ARRESTED PER STATEWIDE ARREST WARRANT#09-3386 CFB ALL
COUNTS INDICATING NO BOND. THE WARRANT WAS SIGNED BY JUDGE WILLARD POPE.

SWORN to and SUBSCRIBED before me

this _15th_ day of _August_

_2009_

_K. Stamps # 2999_

Notary Public - Certified Officer
(circle one)

_AFFIANT_

_M.C.S.O._

ARRESTING AGENCY

SEAL _____

Page 2

FILED
CRIMINAL INTAKE
2009 AUG 17  A 8:46
DAVID R. ELLSPERMANN
CLERK CIRCUIT COURT
MARION COUNTY, FL

048

EXHIBIT -"C"

Complaint/Arrest

Affidavit Continuation

Court Case No. 09CF3386A

Agency Case No. S09 03/100

Defendant Name: Last  First  Middle  McCullough Ricky Ruben

Date of Birth 6/9/88

## FIRST APPEARANCE FINDINGS & ORDERS

Based upon the foregoing Affidavit and/or Sworn Testimony of _____
the undersigned finds and determines:

☐ As to charge(s) ___WARRANT___ that there was at the time of arrest and is probable cause to believe the defendant has committed the offense with which he/she is accused and it is hereby Ordered and Adjudged that defendant is to be detained or post bond as otherwise affixed pending further proceedings.

☐ As to charge(s) _____ that there is a lack of evidence that the defendant committed the offense with which he/she is accused, and it is hereby Ordered and Adjudged that the Sheriff or Chief of Police having custody is directed to forthwith release defendant from custody on defendant's own recognizance, subject to defendant appearing at all subsequent court proceedings upon proper notice.

☐ As to charge(s) _____ that it is hereby Ordered and Adjudged the matter of probable cause is hereby continued until the next First Appearance Hearing after date hereof, at which Hearing, the Arresting Agency shall present any further proof of probable cause that it may possess.

### RELEASE ORDER:

The above named Defendant was brought before the undersigned on this date at _____ o'clock, ___.M. for a first appearance hearing and the undersigned thereupon informed him/her of the charge against him/her and provided him/her with a copy thereof and also adequately advised him/her that (1) he/she was not required to say anything and that anything he/she did say might be used against him/her (2) if he/she was financially unable to afford an attorney that the Court would appoint one to represent him/her, and (3) he/she had the right to communicate with his/her attorney, his/her family, or his/her friends, and if necessary reasonable means would be provided to enable him/her to do so; and the undersigned having considered all available relevant factors necessary to determine whether bail is necessary to assure Defendant's future appearance, and found that same is _____ necessary, it is upon consideration thereof ORDERED AND ADJUDGED that the Defendant

☐ Be released on his/her own recognizance upon the condition that he/she appear as agreed below.

☐ Be admitted to bail in the amount of $_____ as to charge A, $_____ as to charge B, $_____ as to charge C, $_____ as to charge D, and $_____ as to charge E, upon the condition that he/she appear as agreed below.

### SPECIAL CONDITIONS OF BAIL

☐ The defendant may not consume or possess alcohol.

☐ The defendant may not operate a motor vehicle.

☐ The defendant must comply with any other written provisions.

No Bond Authorized as to each, every, all and singular of the Eight (8) separate charges set forth in Judge Pope's Warrant for the arrest of this Defendant

_signature_  JUDGE

FILED
CRIMINAL INTAKE
2009 AUG 17  A 3:46
DAVID R. ELLSPERMANN
CLERK, CIRCUIT COURT
MARION COUNTY, FL

### REFUSAL OF APPOINTMENT OF COUNSEL

) I hereby represent to the County that I do not desire the services of the Office of the Public Defender and that I will employ private counsel.

### AGREEMENT TO APPEAR

I hereby acknowledge receipt of a copy of the above and I agree and promise to appear in Courtroom ___2A___ of the ___Marion___ County Courthouse, in ___Ocala___, Florida, on the ___14___ day of ___September___ 20___09___ at ___9___ o'clock, ___.M. and at such other times as the Court may order, and also agree to notify the Clerk of the Court, in writing, of my new address should I move from the address below.

DATED: ___August 16___, 20 09
SWORN TO AND SUBSCRIBED BEFORE
ME THIS _____ DAY OF _____, 20 __

Defendant _Ricky McEullogh_
Address _1948 NW 6th street_

IMAGED

Deputy Clerk/Judge

Page 3

5436  5521  049

MCSO Form 261B F



Count 7 _BOND: NONE_ @        Count 8 _BOND: NONE_ @

**Robbery with a**          **Robbery with a**
**Firearm**                 **Firearm**
**F.S. 812.13(1) and (2)(a)** **F.S. 812.13(1) and (2)(a)**

Given under my hand and seal this _14_ day of _August_, 2009.

Extradition code: Nationwide
Enter in NCIC [X] Yes  [] No



CIRCUIT JUDGE

Received this Arrest Warrant the ____ day of _____, 2009, and executed it on the ____ day of _____, 2009, by arresting the within named _____ and having him/her now before the Court this ____ day of _____, 2009.

JAIL DOCKET NO. _____

_____
Deputy Sheriff

032



IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

STATE OF FLORIDA
        Plaintiff,

CASE NO.:  2009-3386-CF
OSWP NO.:  2009-0217-JAX

vs.

RICKY R. MCCULLOUGH,      (A)
NATHANIEL D. PETERSON,    (B)
MELISSA RIVERA,           (C)
ALEXIS LORRAINE WILLIAMS   (D)
        Defendants.

_____/

## INFORMATION FOR:

COUNT 1:  Racketeer Influence and Corrupt Organization Act (RICO)
           F.S. 895.03(3)(A)(B)
           1st Degree Felony
           As to Defendants A, B, C, and D

COUNT 2:  **Conspiracy to Commit RICO**
           F.S. 895.03(4)
           1st Degree Felony
           As to Defendants A, B, C, and D

COUNT 3:  **Robbery with a Firearm**
           F.S. 812.13(1) and (2)(a)
           1st Degree Felony
           As to Defendant A, B, C, and D

COUNT 4:  Attempted Robbery with a Firearm
           F.S. 812.13(1) and (2)(a)
           1st Degree Felony
           As to Defendant A, B, and C

COUNT 5:  **Robbery with a Firearm**
           F.S. 812.13(1) and (2)(a)
           2nd Degree Felony
           As to Defendant B and C

Filed in the Office of Clerk of Circuit Court
Marion County, Florida
on _____ 20___
David R. Ellspermann, Clerk

0 0 1

1

IMAGED

**COUNT 6:**    **Robbery with a Firearm**
              F.S. 812.13(1) and (2)(a)
              1st Degree Felony
              As to Defendant A and C

**COUNT 7:**    **Robbery with a Firearm**
              F.S. 812.13(1) and (2)(a)
              1st Degree Felony
              As to Defendant A

**COUNT 8:**    **Attempted Robbery with a Firearm**
              F.S. 812.13(1) and (2)(a)
              1st Degree Felony
              As to Defendant A

## COUNT 1

   **WILLIAM N. SHEPHERD**, STATEWIDE PROSECUTOR FOR THE STATE OF FLORIDA, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that beginning the 1st day of February, 2009, and continuing through and including the of 30th day of June, 2009, within in the Fifth, Third, Eighth, and Thirteenth Judicial Circuits of Florida, to wit: Marion, Alachua, Columbia, and Hillsborough Counties, Florida, as part of a related transaction occurring in two or more judicial circuits, or in connection with an organized criminal conspiracy affecting two or more judicial circuits, the defendants **RICKY R. MCCOLLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIA LORRAINE WILLIAMS,** were employed by or did associate with an enterprise, as defined by Section 895.02, Florida Statutes, to wit: a group of individuals associated in fact although not a legal entity consisting of the above-named Defendants, and others known and unknown, and did unlawfully, knowingly conduct or participate, directly or indirectly, in such enterprise through a continuous pattern of racketeering activity as defined in Section 895.02(3), Florida Statutes, committing crimes chargeable by indictment or information under Chapter 812, Florida Statutes, by engaging in at least two of the following incidents of racketeering activity which had similar intents, results, accomplices, victims, or methods of commission, or were otherwise related by distinguishing characteristics and were not isolated incidents, all in violation of Section 895.03 (3), Florida Statutes.

### Predicate Incident 1

   On or about the 17th day of February, 2009, in the Eighth Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCULLOUGH and MELISSA RIVERA** did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Vickie Williams, employed by the Fast Track Gas/Convenience Store, located at 11921 U.S. Highway 441, Alachua, Florida, with the intent to permanently or temporarily deprive Vickie Williams, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH** was in actual

possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 2

On or about the 13th day of May, 2009, in the Thirteenth Judicial Circuit of Florida, to wit: Hillsborough County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS** did, attempt of commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt did an act toward the commission of such offense when **RICKY MCCULLOUGH and NATHANIEL PETERSON**, while wearing masks and actually carrying firearms, as defined in section 790.001, Florida Statutes, ordered Ketan Patel, a clerk at the BP Gas Station, located at 903 East Fletcher Avenue, Tampa, Florida, to give them the money, but **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS** failed in the perpetration or were intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(1) and (2)(a), and 775.087(2)(a)1.

### Predicate Incident 3

On or about the 13th day of May, 2009, in the Thirteenth Judicial Circuit of Florida, to wit: Hillsborough County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Ahmad Haswash, employed by the Mobil Gas/Convenience Store, located at 5317 East 5309 Fletcher Avenue, Tampa, Florida, with the intent to permanently or temporarily deprive Ahmad Hawash, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm, and **NATHANIEL D. PETERSON** actually carried a firearm, as defined in section 790.001, Florida Statutes, or actually possessed a firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)(1).

### Predicate Incident 4

On or about the 14th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion, County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILILLAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Patricia May, an employee of the Waffle House Restaurant, located at 2065 S.W. Highway 484, Ocala, Florida, with the intent to permanently or temporarily deprive Patricia May, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm

during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 5

On or about the 19th day of May, 2009, in the Third Judicial Circuit of Florida, to wit: Columbia County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Thersa Neill, an employee of Stop and Go #4 located at 4046 State Road 47, Lake City Florida, with the intent to permanently or temporarily deprive Thersa Neill or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 6

On or about the 19th day of May, 2009, in the Third Judicial Circuit of Florida, to wit: Columbia County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, AND MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Chan Gottapu, an employee of Shell Gas Station/Convenience Store located at 3317 Highway 90 West, Lake City, Florida, with the intent to permanently or temporarily deprive Chan Gottapu or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 7

On or about the 20th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA**, did, attempt of commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON**, while wearing masks and actually carrying firearms, as defined in section 790.001, Florida Statutes, or possessing actual firearms, did an act toward the commission of such offense by attempting to gain entry into the Diamond Oil Food Store, located at 4596 S.E. Maricamp Road, Ocala, Florida, but **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA** failed in the perpetration or were intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(2)(a) and 775.087(2).

### Predicate Incident 8

On or about the 21st day of May, 2009, in the Eighth, and Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Sue A. Markus, employed by the Kangaroo #1303, located at 2320  S.W. Archer Road, Gainesville, Florida, with the intent to permanently or temporarily deprive Sue A. Markus, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of  firearms, as defined in section 790.001, Florida Statutes,  or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1 and 775.087(2)(a)2.

### Predicate Incident 9

On or about the 29th day of May, 2009, in the Fifth, Judicial Circuit of Florida, to wit: Marion County, Florida, **NATHANIEL D. PETERSON and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Derek Warney, an employee of Kangaroo Gas/Convenience Store located at 3873 S.W. College Road, Ocala, Florida, with the intent to permanently or temporarily deprive Derek Warney or any other person not the defendant(s) of the property, and in the course of committing the robbery, **NATHANIEL PETERSON** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a  firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1.

### Predicate Incident 10

On or about the 29th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida,  **RICKY R. MCCULLOUGH and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Joanne Revels, an employee of  Waffle House located at 3871 S.W. College Road, Ocala, Florida, with the intent to permanently or temporarily deprive Joanne Revels, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH**, was in actual possession of a firearm,  as defined in section 790.001, Florida Statutes, or actually carried a  firearm, and discharged the firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 11

On or about the 9th day of June, 2009, in the Eighth Judicial Circuit of Florida, to wit: Alachua County, Florida,  **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Justin Duran, of the Waffle  House, located at 15979 U.S. Highway 441, Alachua, Florida, with the intent to permanently or temporarily deprive Justin

Duran, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 12

On or about the 9th day of June, 2009, in the Eighth Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCULLOUGH AND NATHANIEL D. PETERSON**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of James Kim, an employee of L'iL Champ Gas/Convenience Store located at 2152 N.W. 39th Avenue, Gainesville, Florida, with the intent to permanently or temporarily deprive James Kim or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, and actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1.

### Predicate Incident 13

On or about the 13th day of June, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Tammy Scroggins, an employee of Dollar General Store located at 9601 N.E. 19th Court, Ocala, Florida, with the intent to permanently or temporarily deprive Tammy Scroggins or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH**, was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, and actually carried a firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1.

### Predicate Incident 14

On or about the 13th day of June, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH**, did, attempt of commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt did an act toward the commission of such offense when **RICKY R. MCCULLOUGH**, while a disguise and actually carrying a firearm, as defined in section 790.001, Florida Statutes, did attempt to rob Auto Zone, located at 2701 N.E. 14th Street, Ocala, Florida; but **RICKY R. MCCULLOUGH** failed in the perpetration or was intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(a0 and (2)(a) and 775.087(2)(a)1.

### COUNT 2

**WILLIAM N. SHEPHERD**, STATEWIDE PROSECUTOR FOR THE STATE OF FLORIDA, by and through the undersigned Assistant Statewide Prosecutor, under oath, charges that

6

that beginning on or about the 8TH day of July, 2004 and continuing through and including on or about the of 1st day of February, 2009, and continuing through and including 30th day of June, 2009, within in the Fifth, Third, Eighth, and Nineteenth Judicial Circuits of Florida, to wit:   Marion, Alachua, Columbia, and Hillsborough Counties, Florida, as part of a related transaction occurring in two or more judicial circuits, or in connection with an organized criminal conspiracy affecting two or more judicial circuits, or in connection with an organized criminal conspiracy affecting two or more judicial circuits, the defendants, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS,**   did unlawfully and knowingly combine, conspire, confederate and agree each with the other and together with others, known and unknown, to violate the laws of Florida, to-wit: the laws which prohibit any person employed by or associated with an enterprise as defined in  Florida Statutes 895.02(4) to wit: a group of individuals associated in fact although not a legal entity consisting of the above-listed Defendants, from conducting or participating, either directly or indirectly, in the affairs of said  enterprise through a continuous pattern of racketeering activity, as defined in 895.02(4), <u>Florida Statutes,</u> either by intending to engage in at least two of the following incidents of racketeering activity which had similar intents, results, accomplices, victims, or methods of commission, or which were otherwise interrelated by distinguishing characteristics and were not isolated incidents or by intending otherwise to participate in the affairs of said enterprise with the knowledge and intent that other members of the enterprise would engage in at least two such incidents, and in furtherance of said conspiracy the defendant and others known and unknown did the following acts, all in violation of Section 895.03(4) Florida Statutes:

### Predicate Incident 1

On or about the 17th day of February, 2009, in the Eighth Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCULLOUGH and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Vickie Williams, employed by the Fast Track Gas/Convenience Store, located at 11921 U.S. Highway 441, Alachua, Florida, with the intent to permanently or temporarily deprive Vickie Williams, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm and discharged the firearm  during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 2

On or about the 13th day of May, 2009, in the Thirteenth Judicial Circuit of Florida, to wit: Hillsborough County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS,** did, attempt to commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt did an act toward the commission of such offense when **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON,** while wearing masks and actually carrying firearms, as defined in section 790.001, Florida Statutes, ordered Ketan Patel, a clerk at the BP Gas Station, located at 903 East Fletcher Avenue, Tampa, Florida, to give them the money, but **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS**  failed in the perpetration or were intercepted or prevented in the

7

execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(1) and (2)(a), and 775.087(2)(a)1.

### Predicate Incident 3

On or about the 13th day of May, 2009, in the Thirteenth Judicial Circuit of Florida, to wit: Hillsborough County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Ahmad Haswash, employed by the Mobil Gas/Convenience Store, located at 5317 East 5309 Fletcher Avenue, Tampa, Florida, with the intent to permanently or temporarily deprive Ahmad Hawash, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCOLLUGH** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm, and **NATHANIEL D. PETERSON** actually carried a firearm, as defined in section 790.001, Florida Statutes, or actually possessed a firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)(1).

### Predicate Incident 4

On or about the 14th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion, County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILILLAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Patricia May, an employee of the Waffle House Restaurant, located at 2065 S.W. Highway 484, Ocala, Florida, with the intent to permanently or temporarily deprive Patricia May, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2

### Predicate Incident 5

On or about the 19th day of May, 2009, in the Third Judicial Circuit of Florida, to wit: Columbia County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Chan Gottapu, an employee of Stop and Go #4 located at 4046 State Road 47, Lake City Florida, with the intent to permanently or temporarily deprive Chan Gottapu or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D.PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 6

On or about the 19th day of May, 2009, in the Third Judicial Circuit of Florida, to wit: Columbia County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Thersa Neioll, an employee of Shell Gas Station/Convenience Store located at 3317 Highway 90 West, Lake City, Florida, with the intent to permanently or temporarily deprive Thersa Neill or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 7

On or about the 20th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA**, did, attempt of commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON**, while wearing masks and actually carry firearms, as defined in section 790.001, Florida Statutes, or possessing actual firearms, did an act toward the commission of such offense by attempting to gain entry into the Diamond Oil Food Store, located at 4596 S.E. Maricamp Road, Ocala, Florida, but **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA** failed in the perpetration or were intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(2)(a) and 775.087(2).

### Predicate Incident 8

On or about the 21st day of May, 2009, in the Eighth, and Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Sue A. Markus, employed by the Kangaroo #1303, located at 2320 S.W. Archer Road, Gainesville, Florida, with the intent to permanently or temporarily deprive Sue A. Markus, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, or actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1 and 775.087(2)(a)2.

### Predicate Incident 9

On or about the 29th day of May, 2009, in the Fifth, Judicial Circuit of Florida, to wit: Marion County, Florida, **NATHANIEL D. PETERSON and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Derek Warney, an employee of Kangaroo Gas/Convenience Store

located at 3873 S.W. College Road, Ocala, Florida, with the intent to permanently or temporally deprive Derek Warney or any other person not the defendant(s) of the property, and in the course of committing the robbery, **NATHANIEL D. PETERSON** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1.

### Predicate Incident 10

On or about the 29th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Joanne Revels, an employee of Waffle House located at 3871 S.W. College Road, Ocala, Florida, with the intent to permanently or temporarily deprive Joanne Revels, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH**, was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged that firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### Predicate Incident 11

On or about the 9th day of June, 2009, in the Eighth Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCULLOUGH AND NATHANIEL D. PETERSON**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of James Kim, an employee of L'iL Champ Gas/Convenience Store located at 2152 N.W. 39th Avenue, Gainesville, Florida, with the intent to permanently or temporarily deprive James Kim or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, and actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1.

### Predicate Incident 12

On or about the 10th day of June, 2009, in the Eighth Judicial Circuit of Florida, to wit: Alachua County, Florida, **RICKY R. MCCOLLOUGH and NATHANIEL D. PETERSON**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Justin Duran, an employee of the Waffle House, located at 15979, U.S. Highway 441, Alachua, Florida, with the intent to permanently or temporarily deprive Justin Duran or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON** were in actual possession of firearms, as defined in section 790.001, Florida Statutes, and actually carried firearms during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1.

### Predicate Incident 13

On or about the 13th day of June, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Tammy Scroggins, an employee of Dollar General Store located at 9601 N.E. 19th Court, Ocala, Florida, with the intent to permanently or temporarily deprive Tammy Scroggins or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH**, was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, and actually carried a firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1.

### Predicate Incident 14

On or about the 13th day of June, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH**, did, attempt to commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt did an act toward the commission of such offense when **RICKY R. MCCULLOUGH**, while a disguise and actually carrying a firearm, as defined in section 790.001, Florida Statutes, did attempt to rob Auto Zone, located at 2701 N.E. 14th Street, Ocala, Florida, but **RICKY R. MCCULLOUGH** failed in the perpetration or was intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(a0 and (2)(a) and 775.087(2)(a)1.

### COUNT 3

On or about the 14th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH, NATHANIEL D. PERTERSON, MELISSA RIVERA, and ALEXIS LORRAINE WILLIAMS**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Patricia May, an employee of the Waffle House Restaurant, with the intent to permanently or temporarily deprive Patricia May, an employee of Waffle House, located at 2065 S.W. Highway 484, Ocala, Florida or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1, and 775.087(2)(a)2.

### COUNT 4

On or about the 20th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCOLLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA**, did attempt to commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt did an act toward the commission of such offense when **RICKY R. MCCULLOUGH and NATHANIEL D. PETERSON**, while wearing masks and actually carrying firearms, as defined in section 790.001, Florida Statutes, did attempt to gain entry into the Diamond Oil Food Store, located at 4596 S.E. Maricamp Road, Ocala, Florida, but

**RICKY R. MCCULLOUGH, NATHANIEL D. PETERSON, and MELISSA RIVERA** failed in the perpetration or was intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(a) and (2)(a) and 775.087(2)(a)1.

## COUNT 5

On or about the 29th day of May, 2009, in the Fifth Judicial Circuits of Florida, to wit: Marion County, Florida, as part of a related transaction occurring in two or more judicial circuits, **NATHANIEL D. PETERSON and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Derek Warney, an employee of Kangaroo Gas/Convenience Store located at 3873 S.W. College Road, Ocala, Florida, with the intent to permanently or temporarily deprive Derek Warney or any other person not the defendant(s) of the property, and in the course of committing the robbery, **NATHANIEL D.PETERSON** was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a), 775.087(2)(a)1 and 775.087(2)(a)2.

## COUNT 6

On or about the 29th day of May, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, as part of a related transaction occurring in two or more judicial circuits, **RICKY R. MCCULLOUGH and MELISSA RIVERA**, did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Joanne Revels, with the intent to permanently or temporarily deprive JoAnn Revels, an employee of the Waffle House located at 3871 S.W. College Road, Ocala Florida, or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH**, was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged that firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1.

## COUNT 7

On or about the 13th day of June, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, as part of a related transaction occurring in two or more judicial circuits, **RICKY R. MCCULLOUGH** did, by force, violence, assault, or putting in fear, knowingly take away U.S. currency, of some value, from the person or custody of Tammy Scroggins, an employee of Dollar General Store located at 9601 N.E. 19th Court, Ocala, Florida, with the intent to permanently or temporarily deprive Tammy Scroggins or any other person not the defendant(s) of the property, and in the course of committing the robbery, **RICKY R. MCCULLOUGH**, was in actual possession of a firearm, as defined in section 790.001, Florida Statutes, or actually carried a firearm, and discharged the firearm during the course of this robbery, in violation of Florida Statutes 812.13(1) and (2)(a) and 775.087(2)(a)1 and 775.087(2)(a)2.

## COUNT 8

On or about the 13th day of June, 2009, in the Fifth Judicial Circuit of Florida, to wit: Marion County, Florida, **RICKY R. MCCULLOUGH,** did, attempt of commit Armed Robbery with a Firearm, an offense prohibited by law, and in such attempt did an act toward the commission of such offense when **RICKY R. MCCULLOUGH,** while a disguise and actually carrying a firearm, as defined in section 790.001, Florida Statutes, did attempt to rob Auto Zone, located at 2701 N.E. 14th Street, Ocala, Florida, but **RICKY R. MCCULLOUGH** failed in the perpetration or was intercepted or prevented in the execution of said offense, in violation of Florida Statutes 777.04(1), 812.13(a) and (2)(a) and 775.087(2)(a)1.

AND SAID OFFENSES OCCURRED IN TWO OR MORE JUDICIAL CIRCUIT IN THE STATE OF FLORIDA AS PART OF A RELATED TRANSACTION OR SAID OFFENSES WERE CONNECTED WITH AN ORGANIZED CRIMINAL CONSPIRACY AFFECTING TWO OR MORE JUDICIAL CIRCUITS IN THE STATE OF FLORIDA.

WILLIAM N. SHEPHERD
STATEWIDE PROSECUTOR

JOHN A. WETHINGTON, III
Assistant Statewide Prosecutor
Northeast Florida Bureau
1300 Riverplace Blvd., Suite 405
Jacksonville, FL 32207
(904) 348-2720
Florida Bar No. 0473870

**STATE OF FLORIDA**
**COUNTY OF DUVAL**

Personally appeared before me: John A. Wethington, III, designated Assistant Statewide Prosecutor, who, being first duly sworn that he has received testimony under oath from a material witness which if true, would constitute the offenses herein charged, and that this prosecution is instituted in good faith.

Sworn and subscribed before me this _26th_ day of August, 2009, by John A. Wethington, III.

otary Public



Connie N. Bland
Commission # DD524437
Expires March 26, 2010
Bonded Troy Fain - Insurance, Inc. 800-385-7019

DEFENDANTS' BIOGRAPHICAL DATA

1. **RICKY R. MCCULLOUGH**
   Race: Black   SEX: Male   DOB: 06/09/1988   SSN: 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
   LKA: 1948 N.W. 6TH STREET, OCALA FL 34472

2. **NATHANIEL DONELL PETERSON**
   Race: Black   SEX: Male   DOB: 110/13/1984   SSN: 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
   LKA: 451 N.W. 55TH AVENUE, OCALA, FL 34482

3. **MELISSA RIVERA**
   Race: Black   SEX: Female   DOB: 05/01/9189   SSN: 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
   LKA: 2843 N.E. 7TH STREET, OCALA, FL 34470

4. **ALEXIS LORRAINE WILLIAMS**
   Race: White   SEX: Female   DOB: 07/16/1991   SSN: 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
   LKA: 5275 S.E. 32ND PLACE, OCALA, FL 34480

FIRST-CLASS MAIL

Hasier
05/06/2022
US POSTAGE $002.16
ZIP 6750
011E11673253

STATE OF KANSAS
OFFICIAL MAIL
PENALTY FOR
PRIVATE USE

SCREENED
By USMS



Ricky R. McCullough, Jr., room#113SS
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, Kansas 67504-1568

Office of the Clerk
207 N. W. Second Street, Room 337
Ocala, Fl. 34475-6666

NOTICE: THIS CORRESPONDENCE
WAS MAILED FROM an institution
operated by the Kansas Department
of Corrections. It's content is
uncensored.